# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH R. HUSKEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PAM AHLIN, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:12-cv-00569-SKO PC<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY DEFENDANTS AHLIN, ROGERS, WAGONER, AND LINTZ SHOULD NOT BE DISMISSED PURSUANT TO RULE 4(M)<br><br>(Docs. 11-14)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Kenneth R. Huskey, a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 12, 2012. This action is proceeding against Defendants Ahlin, Brown, Craig, Wagoner, Lintz, Rogers, and Young for failing to ensure that Plaintiff's medical needs were met, in violation of the Due Process Clause of the Fourteenth Amendment. On April 2, 2013, the United States Marshal returned the summonses and USM-285 forms for Defendants Ahlin, Rogers, Wagoner, and Lintz unexecuted.[1] (Docs. 11-14.)

Federal Rule of Civil Procedure 4(m) provides that

> [i]f a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

///

---

[1] Service is still outstanding as to Defendants Brown, Craig, and Young.

1

1    In cases involving a plaintiff proceeding in forma pauperis, the United States Marshal, upon
2 order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ.
3 P. 4(c)(3). Plaintiff "is entitled to rely on the U.S. Marshal for service of the summons and
4 complaint and [he] should not be penalized by having his action dismissed for failure to effect
5 service where the U.S. Marshal or the court clerk has failed to perform his duties." *Walker v.*
6 *Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations marks and citation omitted),
7 *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). "So long as the [plaintiff]
8 has furnished the information necessary to identify the defendant, the marshal's failure to effect
9 service is automatically good cause. . . ." *Walker*, 14 F.3d at 1422 (internal quotations and citation
10 omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient
11 information to effect service of the summons and complaint, the Court's sua sponte dismissal of the
12 unserved defendants is appropriate. *Walker*, 14 F.3d at 1421-22.

13    Based on information provided by Coalinga State Hospital, Defendants Ahlin, Rogers,
14 Wagoner, and Lintz are no longer employees, and the Marshal's Office appears to have exhausted
15 the avenues available to it in attempting to locate and serve them. *Walker*, 14 F.3d at 1421-22.
16 (Docs. 11-14.) Plaintiff shall be provided with an opportunity to show cause why Defendants Ahlin,
17 Rogers, Wagoner, and Lintz should not be dismissed. Fed. R. Civ. P. 4(m). If Plaintiff either fails
18 to respond to this order or responds but fails to show cause, Defendants Ahlin, Rogers, Wagoner,
19 and Lintz shall be dismissed from this action.

20    Accordingly, based on the foregoing, it is HEREBY ORDERED that:

21    1.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall show
22          cause why Defendants Ahlin, Rogers, Wagoner, and Lintz should not be dismissed
23          from this action; and

24 ///
25 ///
26 ///
27 ///
28 ///

2. The failure to respond to this order or the failure to show cause will result in the dismissal of Defendants Ahlin, Rogers, Wagoner, and Lintz from this action.

IT IS SO ORDERED.

Dated:   April 27, 2013                              /s/ Sheila K. Oberto
                                             UNITED STATES MAGISTRATE JUDGE