# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH R. HUSKEY, | Case No. 1:12-cv-00569-AWI-SKO (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS WAGONER, LINTZ, AND ROGERS' MOTION TO DISMISS BE GRANTED |
| v. | |
| PAM AHLIN, et al., | (Doc. 23) |
| Defendants. | TWENTY-FIVE DAY OBJECTION DEADLINE |

## I. Procedural History

Plaintiff Kenneth R. Huskey, a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 12, 2012. This action is proceeding against Defendants Ahlin, Brown, Craig, Wagoner, Lintz, Rogers, and Young for failing to ensure that Plaintiff's medical needs were addressed, in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Plaintiff's claim arises out of his conditions of confinement at Coalinga State Hospital ("CSH") in Coalinga, California, where he is a patient.

On August 9, 2013, Defendants Wagoner, Lintz, and Rogers ("Defendants") filed a motion to dismiss and/or for a more definite statement.[1] Fed. R. Civ. P. 12(b)(6), (e). (Doc. 23.) After

---

[1] Attempts to either obtain waivers from or personally serve Defendants Brown and Craig remain in progress. Defendant Young filed a waiver of service on January 23, 2014, and Defendant Ahlin filed a motion for an extension of time to respond to Plaintiff's complaint on January 29, 2014.

1 being directed to do so by the Court, Plaintiff filed an opposition on October 18, 2013, and
2 Defendants filed a reply on October 25, 2013. (Docs. 26, 29.) Plaintiff then filed a surreply on
3 November 18, 2013, and Defendants filed an objection on November 20, 2013. (Docs. 32, 33.)

4 Parties do not have the right to file surreplies and motions are deemed submitted when the time to reply has expired. Local Rule 230(*l*). The Court generally views motions for leave to file a surreply with disfavor, *Hill v. England*, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing *Fedrick v. Mercedes-Benz USA, LLC*, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005), although district courts have the discretion to either permit or preclude a surreply, *see U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); *JG v. Douglas County School Dist.*, 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file surreply where it did not consider new evidence in reply); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond). In this instance, Plaintiff did not seek leave to file a surreply and the Court declines to consider it. There is no basis for deviating from the general rule that surreplies are not permitted as a matter of course and are disfavored.

Accordingly, Defendants' motion was submitted upon the record without oral argument following Defendants' reply. Local Rule 230(*l*). For the reasons which follow, the Court recommends that Defendants' motion to dismiss be granted on the ground that they were not acting under color of state law.

**II.     Motion to Dismiss for Failure to State a Claim**

    **A.     Legal Standard**

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), *cert. denied*, 132 S.Ct. 1762 (2012). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative

pleading. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). However, courts may properly consider matters subject to judicial notice and documents incorporated by reference in the pleading without converting the motion to dismiss to one for summary judgment. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party, *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Huynh*, 465 F.3d at 996-97; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

**B.    Discussion**

    **1.    Plaintiff's Legal Claim**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link,

or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

In this case, Plaintiff is a civil detainee at a state hospital and in screening Plaintiff's complaint, the Court found that, construed liberally, the complaint stated a claim against the named defendants for failing to provide for his medical needs, in violation of the Due Process Clause. In opposition to Defendants' motion, Plaintiff makes arguments which suggest either a misunderstanding of the initial screening order or an attempt to expand the claim into one based on Defendants' failure to adequately investigate and advocate for Plaintiff. (E.g., Pl. Opp., ¶¶4-6.)

However, the Court did not find that Plaintiff stated a claim based on his dissatisfaction with the appeals process.[2] Within the institutional context, the Ninth Circuit has held that the existence of a grievance process creates no substantive rights redressable under the Due Process Clause. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *see also Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (quoting *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)) ("'[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.'") Thus, because Plaintiff lacks a protected liberty interest with respect to the appeals process, Defendants' involvement in reviewing and resolving his appeals does not provide a basis for liability under section 1983. *See Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005) (those who seek to invoke the procedural protections of the Due Process Clause must establish the existence of a protected interest). Rather, the basis for Plaintiff's claim against Defendants, to the extent one is viable, arises from their involvement in the allegedly inadequate medical care provided for his skin allergy issue, as stated in the screening order.[3]

As a civil detainee, Plaintiff is entitled to treatment more considerate than that afforded

---

[2] Plaintiff submitted Office of Patients' Rights complaint forms to Defendants Wagoner, Lintz, and Rogers regarding his medical need for all-cotton clothing and they responded. (Doc. 1, Pl. Comp., Exs. A, B, D, K, N, P, Z.) The Court will refer to these complaints as appeals.

[3] The Ninth Circuit has cautioned that the screening standard presents a low threshold, *Wilhelm*, 680 F.3d at 1123, and in determining that Plaintiff's complaint was sufficient to proceed, the Court afforded it the liberal construction required, *id.* at 1121.

pretrial detainees or convicted criminals, *Jones v. Blanas*, 393 F.3d 918, 931-32 (9th Cir. 2004), and his right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause, *Youngberg v. Romeo*, 457 U.S. 307, 315, 102 S.Ct. 2452 (1982). A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests." *Youngberg*, 457 U.S. at 321. Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised. *Youngberg*, 457 U.S. at 321-22.

### 2. Action Under Color of State Law Required to State a Claim

An essential element of a section 1983 claim is action by a defendant under color of law. *Stein v. Ryan*, 662 F.3d 1114, 1118 (9th Cir. 2011). Thus, to state a viable claim for relief under section 1983, Plaintiff is required to allege facts showing that Defendants Wagoner, Lintz, and Rogers, who are employed in the Office of Patients' Rights division of Disability Rights California ("DRC"), were acting under color of state law. If Defendants were not acting under color of state law, Plaintiff's claim against them fails and they are entitled to dismissal. *Price v. State of Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991).

Defendants argue that DRC is a private non-profit agency.[4] Plaintiff does not dispute that DRC is a private agency, but he contends that by virtue of Defendants' responses to his appeals, they were acting under color of state law, and that even if they did not have the authority to provide him with all-cotton clothing, they nonetheless had a duty to advocate for him. Plaintiff contends that once Defendants responded to his appeal, they acted under color of law.

Conduct by private actors is not state conduct, and Plaintiff bears the burden of establishing that Defendants Wagoner, Lintz, and Rogers, as employees of a private entity, were state actors. *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1000 (2012) (quotation marks and citations omitted). "The traditional

---

[4] The Court may take judicial notice of facts which are not subject to reasonable dispute. Fed. R. Evid. 201(b). In addition to a lack of dispute between the parties over this fact, the exhibits attached to Plaintiff's complaint demonstrate that DRC is a state contract provider. (*E.g.*, Pl. Comp., Ex. B.)

definition of acting under color of state law requires that the defendant in a [section] 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 54, 108 S.Ct. 2250 (1988) (internal quotation marks and citation omitted). "To constitute state action, the deprivation must have been caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible, and the party charged with the deprivation must be a person who may fairly be said to be a state actor." *West*, 487 U.S. at 49 (internal quotation marks and citation omitted). "'[S]tate action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.'" *Florer*, 639 F.3d at 922 (quoting *Brentwood Academy v. Tennessee Secondary School Athletic Assoc.*, 531 U.S. 288, 295, 121 S.Ct. 924 (2001)).

In *West*, the Supreme Court held that a private physician under contract with the state was acting under color of state law. *West*, 487 U.S. at 54. In that situation, however, the physician was providing medical care directly to prisoners by virtue of his contract with the state and in providing such direct medical care, his conduct was fairly attributable to the state. *Id.* In this case, Plaintiff does not dispute that Defendants are not his medical care providers or that they do not directly provide for or control patients' conditions of confinement at state hospitals. To the contrary, California law *requires* that advocacy and investigative services concerning patient abuse and neglect be provided by a contractor to avoid the potential for a conflict of interest or the appearance of a conflict of interest, Cal. Welf. & Inst. § 5510, and DRC is contracted by the state to provide those independent advocacy and investigative services for patients.[5]

The specific issue of where DRC employees are acting under color of state law has been addressed by the United States District Court for the Northern District of California. In *Mullen v. Surtshin*, No. C 03-3676 RMW (PR), 2009 WL 3817948, at *12-13 (N.D. Cal. Nov. 10, 2009) and *O'Haire v. Napa State Hospital*, No. C 07-0002 RMW (PR), 2009 WL 2447752, at *5-7 (N.D. Cal. Aug. 7, 2009), the district court found that DRC employees were not acting under color of

---

[5] Pl. Comp., Ex. B.

6

state law when performing their advocacy functions.  As in this case, the plaintiffs in *Mullen* and *O'Haire* were civil detainees who were seeking to impose liability on DRC employees for actions or omissions arising out of their consideration of the detainees' appeals, which is purely an advocacy function.  Applying *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445 (1981) (public defenders not acting under color of state law when performing pure advocacy functions) and *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (minor's guardian ad litem appointed by court not acting under color of state law), the district court found that, like public defenders and guardians ad litem, the function of DRC employees, which is to investigate alleged abuse and neglect in state hospitals and advocate for patients, is purely private in nature.  *Mullen*, 2009 WL 3817948, at *12-13; *O'Haire*, 2009 WL 2447752, at *6-7.

Although Plaintiff argues that Defendants Wagoner, Lintz, and Rogers were acting under color of state law, there is simply no factual support for his assertion.  *Price*, 939 F.2d at 708 (bald legal conclusions of state action do not suffice).  Defendants' function as DRC employees is limited to investigating patient complaints and advocating for patients.  The fact that DRC is under state contract to provide these services does not transform it or its employees into state actors.[6]

Finally, there is no factual support for a claim based on the existence of a conspiracy between Defendants Wagoner, Lintz, and Rogers and state hospital employees to deprive Plaintiff of medically necessary clothing.  *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012) (joint action test may be satisfied by the existence of a conspiracy to effect the deprivation of constitutional rights); *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (for conspiracy claims under section 1983, plaintiffs must demonstrate the existence of an agreement or a meeting of the minds to violate constitutional rights).  Plaintiff's exhibits establish, and he does not dispute, that Defendants Wagoner, Lintz, and Rogers' function was one of investigation and advocacy, a function triggered by his appeals.

Accordingly, the Court finds that Defendants Wagoner, Lintz, and Rogers were not acting

---

[6] Plaintiff has a constitutionally protected right to medical care at CSH and he is not without redress.  However, Plaintiff must seek redress from state hospital employees responsible for providing care to him while he is in state custody.  Based on recent information provided by the United States Marshal, the Court anticipates, relatively soon, resolution to the outstanding service issues relating to state employees.

under color of state law when they responded to Plaintiff's appeals and the Court recommends their motion to dismiss be granted.[7] The deficiency at issue is not capable of being cured through amendment and therefore, the Court does not recommend Plaintiff be granted leave to amend. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

**III.    Recommendation**

For the reasons set forth herein, the Court RECOMMENDS that Defendants Wagoner, Lintz, and Rogers' motion to dismiss, filed on August 9, 2013, be GRANTED and they be dismissed from this action, with prejudice as to Plaintiff's claim against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty-five (25) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  Local Rule 304(b).  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections must be filed within **ten (10) days** from the date of service of the objections.  Local Rule 304(d).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **January 30, 2014**              /s/ Sheila K. Oberto
                                            UNITED STATES MAGISTRATE JUDGE

---

[7] Based on this finding, the Court does not reach Defendants' alternate arguments, including their motion for a more definite statement.