# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH R. HUSKEY,<br><br>    Plaintiff,<br><br>    v.<br><br>PAM AHLIN, et al.,<br><br>    Defendants.<br>_____/ | Case No.  1:12-cv-00569-AWI-SKO (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANTS WAGONER, LINTZ, AND ROGERS' MOTION TO DISMISS, AND DISMISSING CLAIMS WITH PREJUDICE<br><br>(Docs. 23 and 39) |

Plaintiff Kenneth R. Huskey, a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 12, 2012.  This action is proceeding against Defendants Ahlin, Brown, Craig, Wagoner, Lintz, Rogers, and Young for failing to ensure that Plaintiff's medical needs were addressed, in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.  Plaintiff's claim arises out of his conditions of confinement at Coalinga State Hospital ("CSH") in Coalinga, California, where he is a patient.

On January 31, 2014, the Magistrate Judge filed a Findings and Recommendations recommending that Defendants Wagoner, Lintz, and Rogers' motion to dismiss be granted on the ground that they are not state actors.  Plaintiff filed a timely Objection on February 18, 2014, and Defendants filed a timely response on February 28, 2014.  Local Rule 304(b), (d).

///

///

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

This action is proceeding against all named defendants for violation of Plaintiff's constitutional right to adequate medical care. (Docs. 1, 7.) As set forth by the Magistrate Judge, Defendants Wagoner, Lintz, and Rogers, who are employed by a private advocacy group which contracts with the state, are not responsible for providing Plaintiff with medical care and they are not state actors, the latter of which is fatal to Plaintiff's constitutional claim.[1]

Furthermore, Plaintiff provides no authority for his apparent proposition that Disability Rights California was *required* to initiate suit to vindicate his rights and its failure to do so renders employees Wagoner, Lintz, and Rogers liable for the underlying violation of Plaintiff's rights by CSH employees. *See* 42 U.S.C. §§ 10805(a)(C), 10807(a).

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed on January 31, 2014, is adopted in full; and

2. Defendants Wagoner, Lintz, and Rogers' motion to dismiss, filed on August 9, 2013, is GRANTED and they are dismissed from this action, with prejudice as to Plaintiff's claim against them.

IT IS SO ORDERED.

Dated:   March 5, 2014                                    _____
                                                          SENIOR DISTRICT JUDGE

---

[1] Plaintiff's assertion that Defendants' responses to his grievances suffices to establish state action is without merit, but in any event, Plaintiff's dissatisfaction with the grievance system and/or his dissatisfaction with the responses he received provides no basis for liability under section 1983. *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).