1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10  KENNETH R. HUSKEY,                      Case No.  1:12-cv-00569-AWI-SKO (PC)

11          Plaintiff,                      FINDINGS AND RECOMMENDATIONS
                                            RECOMMENDING PLAINTIFF'S
12      v.                                  MOTIONS FOR PRELIMINARY
                                            INJUNCTIVE RELIEF BE DENIED
13  PAM AHLIN, et al.,
                                            (Docs. 27 and 28)
14          Defendants.
                                            TEN-DAY OBJECTION DEADLINE/FIVE-
15                                          DAY RESPONSE DEADLINE

16

17  _____/

18  **I.      Background**

19          Plaintiff Kenneth R. Huskey, a civil detainee proceeding pro se and in forma pauperis,

20  filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 12, 2012.  Plaintiff is allergic to

21  synthetic material, and this action is proceeding against Defendants Ahlin, Brown, Craig, and

22  Young ("Defendants") for failing to ensure that Plaintiff's medical need for cotton clothing was

23  met, in violation of the Due Process Clause of the Fourteenth Amendment of the United States

24  Constitution.  Plaintiff's claim arises out of his conditions of confinement at Coalinga State

25  Hospital ("CSH") in Coalinga, California, where he is serving a civil commitment.

26          On October 21, 2013, and October 24, 2013, Plaintiff filed motions seeking a court order

27  mandating that CSH officials replace his lost and/or stolen cotton clothing, allow him to purchase

28  his own cotton clothing, and cease all retaliatory action against him.  (Docs. 27, 28.)  Following

1   their appearances in the action and the issuance of an order granting them an extension of time to

2   respond, Defendants filed an opposition on March 28, 2014.  (Doc. 47.)  Plaintiff did not file a

3   reply, and the motions have been submitted upon the record without oral argument.  Local Rule

4   230(*l*).

5   **II.      Legal Standard**

6         For each form of relief sought in federal court, Plaintiff must establish standing.  *Summers*

7   *v. Earth Island Institute*, 555 U.S. 488, 493, 129 S.Ct. 1142 (2009); *Mayfield v. United States*, 599

8   F.3d 964, 969 (9th Cir. 2010).  This requires Plaintiff to show that he is under threat of suffering

9   an injury in fact that is concrete and particularized; the threat must be actual and imminent, not

10  conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and

11  it must be likely that a favorable judicial decision will prevent or redress the injury.  *Summers*, 555

12  U.S. at 493 (quotation marks and citation omitted); *Mayfield*, 599 F.3d at 969.

13        "A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter*

14  *v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24, 129 S.Ct. 365 (2008) (citation

15  omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed

16  on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that

17  the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter*,

18  555 U.S. at 20 (citations omitted).  An injunction may only be awarded upon a *clear showing* that

19  the plaintiff is entitled to relief.  *Id.* at 22 (citation omitted) (emphasis added).

20  **III.     Discussion**

21        Defendants argue that Plaintiff's request for cotton clothing is now moot.  Defendants

22  submit evidence that as of March 13, 2014, Plaintiff had received all of the cotton items he

23  requested, with the exception of cotton pants.  (Doc. 47, Def. Opp., Vaughn Dec., ¶3.)  At that

24  time, Plaintiff was wearing his last pair of cotton pants.  (*Id.*)  On March 17, 2014, Plaintiff

25  represented that his last pair of cotton pants was now gone.  (*Id.*, ¶5.)  However, on March 21,

26  2014, Plaintiff was provided with three pairs of cotton Dickies pants.  (*Id.*, Adams Dec., ¶8.)

27        Plaintiff did not file a reply to Defendants' opposition; and in his opposition to

28  Defendants' pending motion to dismiss for failure to state a claim, Plaintiff attested, under penalty

1  of perjury, that as of March 22, 2014, he had been provided with cotton clothing.  (Doc. 48, Pl.

2  Opp., ¶10, p. 3.)

3      Accordingly, Plaintiff's request for an order mandating that he be provided with cotton

4  clothing or be allowed to purchase his own is now moot.

5      With respect to Plaintiff's request for an order prohibiting further retaliation, "those who

6  seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed

7  by Article III of the Constitution by alleging an actual case or controversy."  *City of Los Angeles v.*

8  *Lyons*, 461 U.S. 95, 101, 103 S.Ct. 1660 (1983) (citations omitted).  "Abstract injury is not

9  enough."  *Lyons*, 461 U.S. at 101.  "[P]laintiff must show that he has sustained or is immediately

10  in danger of sustaining some direct injury as the result of the challenged official conduct and the

11  injury or threat of injury must be both real and immediate, not conjectural or hypothetical."  *Id.*

12  (internal quotations and citations omitted).  Furthermore, the purpose of a preliminary injunction is

13  to preserve the status quo and the rights of the parties until a final judgment issues.  *U.S. Phillips*

14  *Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010) (quotation marks and citation

15  omitted).  This case arises from Defendants' alleged failure to provide Plaintiff with medically

16  necessary cotton clothing.  The Court lacks jurisdiction to issue an order prohibiting speculative

17  future conduct, which is dispositive of the matter, but additionally, Plaintiff's request for such an

18  order would necessarily exceed the narrow purpose served by a preliminary injunction.

19  **IV.    Recommendation**

20      Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's motions for

21  preliminary injunctive relief be DENIED.

22      These Findings and Recommendations will be submitted to the United States District

23  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **ten**

24  **(10) days** after being served with these Findings and Recommendations, the parties may file

25  written objections with the Court.  Local Rule 304(b).  The document should be captioned

26  "Objections to Magistrate Judge's Findings and Recommendations."   Any response to the

27  objections must be filed within **five (5) days** from the date of service of the objections.  Local

28  Rule 304(d).  The parties are advised that failure to file objections within the specified time may

1    waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

2    1991).

3

4

   IT IS SO ORDERED.

5

6     Dated:   **July 11, 2014**                                     **/s/ Sheila K. Oberto**

                                                 UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28