# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH R. HUSKEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PAM AHLIN, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:12-cv-00569-AWI-SKO (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL, AND FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER FEDERAL LAW<br><br>(Doc. 56)<br><br>OBJECTION DEADLINE: THIRTY DAYS |

**I.      Procedural Background**

Plaintiff Kenneth R. Huskey ("Plaintiff"), a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 12, 2012. This action is proceeding against Defendants Pam Ahlin, former Executive Director; Nancy Brown, Psychiatric Technician; Glen Craig, Clothing Room Supervisor; and Rhona Young, Unit Supervisor ("Defendants") for failing to ensure that Plaintiff's medical needs were addressed, in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Plaintiff's claim arises out of his conditions of confinement at Coalinga State Hospital ("CSH") in Coalinga, California, where he is a patient. Pursuant to the order filed on August 13, 2014, Plaintiff's complaint was dismissed, with leave to amend to clarify the bases for his substantive due process claims against Defendants Ahlin, Brown, Craig, and Young arising out

of the failure to provide him with medically-necessary all-cotton clothing. Not subject to further amendment were Plaintiff's claims arising from the failure to provide him with all-cotton t-shirts and from the provision of ill-fitting clothing.

Plaintiff filed an amended complaint on September 15, 2014. Defendants were relieved of their obligation to respond pending screening by the Court. 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   Screening Requirement and Standard

The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

///

///

///

**III.   Discussion**

      **A.   Motion for Appointment of Counsel**

In his amended complaint, Plaintiff requests the appointment of counsel. Plaintiff does not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances. Even assuming Plaintiff is not well versed in the law and that he made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Further, given Plaintiff's failure to state a claim, discussed below, the Court cannot find any likelihood of success on the merits; and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Palmer*, 560 F.3d at 970. Therefore, Plaintiff's motion for the appointment of counsel is denied.

      **B.   Summary of Factual Allegations**

Plaintiff alleges that he suffers from contact dermatitis, type 1, and he is allergic to synthetic fibers. The t-shirts, boxer shorts, pants, and bedding at CSH are 55% synthetic and cause Plaintiff an itchy rash, stress, and emotional trauma. Plaintiff alleges that he had medical approval for all-cotton clothing in place but he filed a patient complaint on July 27, 2009, to ensure he would be issued all-cotton clothing immediately, or in the alternative, be allowed to purchase his own clothing. Plaintiff alleges that Dr. Colbert ordered medically-necessary clothing for him but Defendant Craig failed to act, causing him to suffer itchy, open sores for more than

five years. Plaintiff alleges that by March 16, 2011, his rash had spread, causing Dr. Colbert to order cotton pants, too.

Plaintiff filed a second patient complaint on July 27, 2010, and a third patient complaint on December 6, 2010; and he wrote to Defendant Ahlin on October 1, 2010, December 16, 2010, and January 25, 2011, to let her know her subordinates were lying about his receipt of cotton clothing.

Plaintiff alleges that he filed a petition for writ of mandamus in Fresno County Superior Court on March 17, 2011. Plaintiff appealed the denial of the petition, but it was denied by the Court of Appeal, Fifth District, and the California Supreme Court.

On April 11, 2011, Plaintiff's family sent him some all-cotton clothing, but it was confiscated by hospital police.

Plaintiff alleges that Defendants Ahlin and Brown falsely documented that he had received the all-cotton clothing ordered by Dr. Colbert, without interviewing him or checking his room. Plaintiff alleges that Defendant Craig interfered with his right to receive medical care when he first claimed the hospital had no money to buy clothing, next claimed the hospital had a contract with PIA (Prison Industry Authority) to buy the clothing, and finally claimed it was hard to find khaki-colored all-cotton clothing.

### C. Substantive Due Process Claim – Medically-Necessary All-Cotton Clothing

#### 1. Legal Standard

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal

1  rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013);
2  *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

3         As a civil detainee, Plaintiff is entitled to treatment more considerate than that afforded
4  criminal pretrial detainees or convicted criminals, *Jones*, 393 F.3d at 931-32, and his right to
5  constitutionally adequate conditions of confinement is protected by the substantive component of
6  the Due Process Clause, *Youngberg v. Romeo*, 457 U.S. 307, 315, 102 S.Ct. 2452 (1982). A
7  determination whether Plaintiff's rights were violated requires "balancing of his liberty interests
8  against the relevant state interests." *Youngberg*, 457 U.S. at 321. Plaintiff is "entitled to more
9  considerate treatment and conditions of confinement than criminals whose conditions of
10 confinement are designed to punish," but the Constitution requires only that courts ensure that
11 professional judgment was exercised. *Id.* at 321-22. A "decision, if made by a professional, is
12 presumptively valid; liability may be imposed only when the decision by the professional is such a
13 substantial departure from accepted professional judgment, practice, or standards as to
14 demonstrate that the person responsible actually did not base the decision on such a judgment."
15 *Id.* at 322-23; *compare Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1243-44 (9th Cir.
16 2010) (rejecting the *Youngberg* standard and applying the deliberate indifference standard to a
17 pretrial detainee's right to medical care, and noting that pretrial detainees, who are confined to
18 ensure presence at trial, are not similarly situated to those civilly committed). The professional
19 judgment standard is an objective standard and it equates "to that required in ordinary tort cases
20 for a finding of conscious indifference amounting to gross negligence." *Ammons v. Washington*
21 *Dep't of Soc. & Health Servs.*, 648 F.3d 1020, 1029 (9th Cir. 2011) (citations and internal
22 quotation marks omitted).

23                 **2.**     <u>**Failure to Allege Sufficient Causal Connection**</u>

24       As an initial matter, Plaintiff's allegations are once again vague to the point of being
25 misleading, whether intentional or not. Plaintiff did not have a medical order in place for all
26 cotton clothing in 2009; he had a medical order for all-cotton t-shirts in place and he received
27 those shirts. (Comp., court record pp. 19, 21-23, 25-26, 30.) Plaintiff's grievance regarding the
28 t-shirts arose from his desire for size large rather than size extra-large, and as previously

addressed, Dr. Colbert ordered t-shirts in size extra-large. (*Id.*) As a result, Plaintiff's claim arising from his purported need for all-cotton t-shirts was dismissed, with prejudice, for failure to state a claim, and Plaintiff's claim arising from ill-fitting clothing was also dismissed, with prejudice, as frivolous. (Docs. 52, 55.) Plaintiff was given the opportunity to amend to clarify his claim regarding other medically-necessary all-cotton clothing. However, in his amended complaint, Plaintiff again relies on vague allegations of wrongdoing, but review of his exhibits reveals that his claim remains based largely on the ill-fitting t-shirt issue, which was dismissed with prejudice.

Plaintiff's exhibits indicate that Dr. Colbert first approved/ordered all-cotton pants on November 18, 2010, with additional mention of cotton pants in a medical record dated March 16, 2011. Plaintiff's records do not indicate that Dr. Colbert ordered medically-necessary boxers, socks, linens, or any other item; and therefore, the Court's focus is limited to determining whether Plaintiff's allegations suffice to support a cognizable claim for relief against Defendants Ahlin, Brown, Craig, and Young with respect to interference with, or failure to comply with, Dr. Colbert's November 2010 order for all-cotton pants.

Defendants were not responsible for Plaintiff's medical care, and Plaintiff's exhibits reveal that he received regular medical evaluations. (Amend. Comp., pp. 21-27.) While Plaintiff's treating physician ordered cotton t-shirts and, later, cotton pants for dermatitis, Plaintiff's medical records provide no support for his assertion that he suffered bloody, open sores as a result of his polyester allergy. Indeed, there is no indication in Plaintiff's medical records that Dr. Colbert viewed the order for all-cotton pants as urgent, and it appears Plaintiff was not prescribed any topical medication for his rash until March 2011. (*Id.*, pp. 24, 27.)

Plaintiff's allegations concerning Defendant Craig, who was the clothing room supervisor, largely pre-date Dr. Colbert's order for cotton pants, and although there was apparently some delay due to the need to locate and order cotton pants, neither Plaintiff's allegations nor his exhibits support a claim that Craig acted, objectively, with "conscious indifference amounting to gross negligence," thereby violating Plaintiff's constitutional rights with respect to his skin condition. *Ammons*, 648 F.3d at 1029. Plaintiff alleges that Defendants Ahlin and Brown failed

to investigate his complaints by interviewing him or checking his room.  (Amend. Comp., ¶21.) Plaintiff may not transform his dissatisfaction with the response to his appeals and letters into a claim for denial of medical care, however, *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988), and there is no factual support demonstrating the existence of a plausible causal connection between Defendants Ahlin and Brown's actions or omissions and a violation of Plaintiff's constitutional rights with respect to his medical needs. (*Id.*, ¶¶17, 21 & court record pp. 47-49.)  Finally, Defendant Young's involvement is only vaguely addressed and again, there is no causal connection between Young's actions or omissions and a violation of Plaintiff's constitutional rights.  (*Id.*, ¶25.)

In sum, Plaintiff was granted leave to amend to allow him to clarify the contours of his constitutional claim against Defendants Ahlin, Brown, Craig, and Young.  However, Plaintiff's allegations fall short of supporting his claim that (1) he suffered a violation of his constitutional rights or (2) Defendants' actions or omissions were the proximate cause of that violation. Accordingly, the Court finds that Plaintiff fails to state a claim under section 1983 arising from his need for all-cotton pants.

### D. Appeals Process

Plaintiff again alleges problems with the appeals process.  As Plaintiff was previously placed on notice, he may not pursue a claim under section 1983 arising from his dissatisfaction with the response to his patient complaints.  (Doc. 52, 3:7-18.)  The existence of a patient complaint or appeals process does not create any substantive rights.  *Ramirez*, 334 F.3d at 860; *Mann*, 855 F.2d at 640.

### E. ADA Claim

Plaintiff added a new claim for violation of the Americans with Disabilities Act in his amended complaint.  42 U.S.C. § 12132.  However, "[t]he ADA prohibits discrimination because of disability, not inadequate treatment for disability." *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1022 (9th Cir. 2010).  The allegation that Plaintiff had a medical need for all-cotton pants and the failure to provide him with suitable pants caused him to suffer painful, itchy rashes is related to medical care; it does not give rise to a viable ADA claim, notwithstanding any other deficiencies

with the claim. *Simmons*, 609 F.3d at 1022.

### F. State Law Claims

Finally, it is unclear whether Plaintiff is attempting to pursue claims under state law. He previously expressed his non-opposition to the dismissal of any state law claims and his amended complaint remains as nebulous as his original complaint on this issue. (Doc. 52, 4:4-16.) Plaintiff mentions Cal. Welf. & Instit. §§4303, 5325.1 and Cal. Code Regs., tit. 9, § 883, but there is no indication they afford Plaintiff a private right of action. Regardless, the absence of a viable federal claim precludes Plaintiff from pursuing any state claims in this action.  28 U.S.C. § 1367(c)(3); *Parra v. PacifiCare of Az., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).

## IV. Conclusion and Recommendation

Plaintiff's amended complaint fails to state any claims under section 1983 or the ADA. Plaintiff failed to cure the deficiencies specifically identified by the Court when it addressed Defendants' motion to dismiss Plaintiff's due process claim, as Plaintiff's amended complaint neither clarifies the contours of his medical claim nor contains facts demonstrating a sufficient, specific causal connection between actions or omissions of Defendants Ahlin, Brown, Craig, and Young and a violation of his constitutional rights regarding his medical needs. Based on the nature of the deficiencies, further leave to amend is not warranted. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, Plaintiff's motion for the appointment of counsel is HEREBY ORDERED DENIED, and the Court RECOMMENDS dismissal of this action, with prejudice, for failure to state a claim under section 1983 or the ADA.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Responses, if any, are due

within **ten (10) days** from the date the objections are filed. Local Rule 304(d). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 28, 2015**                             **/s/ Sheila K. Oberto**
                                                                   UNITED STATES MAGISTRATE JUDGE